DR. RAFAEL U. LANGE, Plaintiff and Appellant, *v.* ALEJANDRINA MARÍA TRIFONA HONORÉ, ETC., ET AL., Defendants and Appellees.

No. 6384. Argued June 5, 1934.—Decided July 18, 1934.

*J. Sabater* for appellant. *J. Alemañy Sosa* for appellees.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

This is an action coming from the District Court of Mayagüez, by which Dr. Rafael U. Lange requests that defendants, legitimate children of Víctor Honoré Garau, execute in his favor a deed conveying to him a property the title of which appears in the name of the predecessor in interest of said defendants, Víctor Honoré Garau, but which according to the allegations of the complaint belongs to plaintiff.

In the complaint it is alleged that the plaintiff is the owner of an urban property described therein and which he has possessed for more than 20 years, and that by virtue of a contract executed with the predecessor in interest of defendants, Mr. Víctor Honoré Garau, the latter bought the property at a sale for taxes owed in the year 1906 for the sum of $400, and that as plaintiff could not redeem the property within the period allowed by law at that time, he agreed with the said predecessor in interest of defendants to keep the title in his name until the plaintiff could return the amount of the sale, so as to obtain then the transfer of title in his favor; that on or about the year 1914, plaintiff requested from Mr. Honoré that he should fix the said house as it was in bad condition, and it was agreed that Mr. Honoré would perform the repairs agreed upon, paying the cost of the same,

and that he informed plaintiff of the amount by a letter written on January 27, 1915, which copied literally reads:

"Mayagüez, P. R.
January 27, 1915.

"Dr. Rafael U. Lange
"City.

"My dear friend:

"The object of this letter is to inform you that after summing up all the expenses incurred in fixing the house the total amount is $1,018.13 for which reason the monthly interest corresponding to the house is $38.62 beginning from last October which fact I inform you according to our agreement. With affecting greetings,

Yours truly,

(Sgd.)     Víctor Honoré."

Plaintiff further alleges that the letter above transcribed refers to his house described in the complaint and to the repairs made in said house; that subsequently plaintiff complained to Mr. Víctor Honoré that the monthly interest was too high on the loans made to plaintiff which were the original $400 paid by Honoré when he bought the property, and in $1,018.13 incurred in repairing the same, and that then both parties agreed that plaintiff would pay 2% monthly, which amounted to $35.45 a month, Mr. Honoré paying from his own money the taxes on the property and the water. Plaintiff maintains that he agreed to make monthly payments to Mr. Honoré Garau in the sum of $35.45 until he could redeem the property; that Mr. Víctor Honoré engaged in making loans of money on personal promissory notes and with mortgages in the city of Mayagüez; that the situation between Mr. Honoré and plaintiff continued the same for although plaintiff owed Mr. Honoré the money borrowed, Mr. Honoré also owed plaintiff for professional services rendered to him and to his family, without any final liquidation having been made, when on January 16, 1926, Mr. Víctor Honoré died, the plaintiff having attended him during his last illness and for 30 years before. Plaintiff ends with the allegation that

defendants refuse to execute the deed of conveyance of the property, although plaintiff is ready and willing to pay said defendants the $1,418.13 which he owes them and which he has offered them in payment of said debt.

The defendants filed a demurrer on the ground that the action had prescribed, according to Section 1253 of the Civil Code, or 1864 of said code. The arguments adduced by defendants to sustain their demurrer in the lower court are the following:

"The title sought to be annulled is one of purchase and sale in favor of the predecessor in interest of defendants Mr. Víctor Honoré Garau dating from April 16, 1906, when he acquired the property described in the complaint at a public sale for taxes owed to the government and according to paragraph 4 of the complaint said sale was consummated in favor of the purchaser. It is now argued that this happened because the plaintiff, who claims that he was the owner of said property sold at auction could not redeem the same within the period of 90 days fixed by law for its redemption; but that he agreed with the predecessor in interest of defendants that when plaintiff was able to return what he had paid for the property at the sale, he would transfer the title of the property to plaintiff. The action to enforce a promise of this nature, if considered as one, of nullity of the title of the predecessor in interest of defendants, must be exercised within 4 years and if considered as a personal action without fixed time, it must be exercised within 15 years. In both cases it has prescribed. Furthermore, there was no consideration for the promise."

The lower court declared that the action brought had prescribed and rendered judgment dismissing the complaint in all its parts and taxed plaintiff with costs.

It is maintained that the lower court erred in declaring that the action exercised in this case is one of a promise to sell and that it has prescribed by the lapse of 15 years from the date of the promise to the time of the filing of the complaint. It is added that said court also erred in declaring that the complaint did not allege an interruption of prescription.

The attorney for defendants in an interesting and well reasoned brief fixes the distinctions which in his opinion exist between real and personal actions and reaches the conclusion that the action exercised is a personal one which prescribes by the lapse of 15 years. No matter in what way the allegations of the complaint be interpreted, according to defendants, the action brought is one for performance of contract, and the actions arising from contracts, no matter what their nature be, are personal actions, for they can only be brought against the person obliged by the contract or his heirs. It is argued that the contract between plaintiff and the predecessor in interest of defendants was executed in 1906 and that from that date the time fixed for bringing the action began to run. Referring to the arguments adduced by plaintiff to maintain that there was an interruption of prescription, defendants state:

"Appellant in adducing the arguments upon which the second error assigned to the lower court is based, incurs in a manifest contradiction. First it is said that there was no necessity of alleging an interruption of prescription, because as it was alleged that plaintiff was the owner of the property, that he was in possession of the same, and paid monthly interests to the predecessor in interest of defendants, the prescription did not begin to run; and later it is argued that the payments of the monthly sums made by plaintiff constituted an interruption of the prescription.

"Appellant forgets that his action is to enforce a contract which he claims was executed in the year 1906, and recognized in 1915, by a letter dated January 27 of said year. As the complaint shows that the title of ownership of the property object of the suit appears recorded in the registry of property in the name of the predecessor in interest of defendants since the year 1906, when he bought the property at a public sale for failure to pay the taxes to the government and that he paid the water used in the house, said allegations establish a perfect dominion title on said property in favor of defendants as heirs of Víctor Honoré Garau; and that as a contract executed between plaintiff and said predecessor in interest on the same year of 1906 was alleged, by virtue of which said title to property appearing in the name of the predecessor in

interest of defendants was only to secure the payment of a certain sum of money owed by plaintiff and that if said sum was paid said predecessor in interest was bound to convey the title to said property, plaintiff admits that from the date on which he could have returned the money and demand the transfer of the ownership by means of the execution of a deed to the date on which the complaint was filed, 25 years have elapsed. The monthly sums paid by plaintiff, although really in the nature of interests as alleged in the complaint, as the ancestor of defendants appeared as owner of said property, with the title of ownership granted by the government recorded in his favor in the registry, paying the taxes in his name and also the water served by the municipality, the monthly sums paid by plaintiff for the possession of said property in connection with the title sought to be annulled or the contract the specific performance of which is claimed, are in the nature of rents. The action to determine the true nature of said payments and for the recognition of the right of plaintiff to said property is the one brought in this case; but it is brought too late no matter in what nature it is considered, whether for nullity or to request specific performance of the contract and for execution of the proper deed and it is prescribed, by the lapse of more than 15 years from the date it could have been exercised by plaintiff.''

We do not agree with the opinion expressed in the preceding paragraph. The complaint refers to a contract executed between plaintiff and the ancestor of defendants. It is alleged that the former requested a loan from the latter to pay the taxes on the house and that it was agreed that it be bought in by the creditor, the property to remain in his name as security for the loan and that the sale be in effect until plaintiff was able to return the loan, Mr. Honoré agreeing then to transfer to plaintiff the title of the property. It is added that plaintiff agreed to pay monthly interests for the loan made until he could redeem the property. As it appears from the complaint, the contractual relations between plaintiff and Mr. Honoré continued the same until the death of the latter. Accepting as true the facts alleged in the complaint, which we must do in deciding a demurrer, we must

admit that a loan was made, that it was agreed to pay interests and that the ancestor of defendants agreed to convey the title of the property when the plaintiff would return the money he had borrowed. If Mr. Honoré accepted the interests until the moment of his death, the logical conclusion is that he kept until that moment his promise to transfer to plaintiff the title of the property appearing in his name as security for the loan made. These facts can and must be cleared when deciding the merits of the case, when the parties have an opportunity to present their proof as to the facts alleged in the complaint. Whether the monthly payments, which according to the allegations the plaintiff agreed to make constitute interests on a loan or rents of a house leased by Mr. Honoré, as argued by defendants, is a question that can be cleared and must be decided when this controversy is raised by the answer of defendants, and after the parties have presented their evidence.

The facts of this case are similar to those alleged in *Otero v. Mirabal*, 37 P.R.R. 679. In that case it was alleged that the owner of a certain lot requested and obtained a loan, without fixed time, that it was secured with the lot and two houses constructed therein; that defendant demanded that the contract be made to appear as one of sale with the right of resale and it was so done, that the owner of the property continued to act as such, renting the house and receiving the rents, paying the taxes, etc.; that defendant without his knowledge obtained the record in the registry, of the sale and that when defendant was requested to receive the amount of the loan and to transfer title to plaintiff he refused to keep his promise. In the case cited the appellant claimed that his action was not one for nullity, but for specific performance of a contract. In the instant case defendant argues, and he is correct, that the action exercised is one for performance of a contract.

In *Otero v. Mirabal, supra,* this Court deciding the question raised, said:

"This case presents itself in a new aspect. Although it is stated in the complaint that the loan contract was made to appear as a fiduciary contract and on the date of its filing more than four years had elapsed since the expiration of the time within which to repurchase, it is further alleged that the parties continued acting always as if it were a case of a loan contract, that is, the plaintiff acting as owner and the defendant limited to receiving the interest agreed upon.

"Such being the case, having to admit the truth of all facts alleged in considering a demurrer, we understand that the plaintiff should be given the opportunity for a trial. The evidence submitted by both parties shows more clearly the nature of the contract and allows a better weighing of the influence of the acts of the parties on the question of whether or not the statute of limitation applies."

Paraphrasing the words of the court which we have just transcribed, we can very well say, that according to the allegations in this case, the parties continued to act as if it were a contract of loan, the plaintiff as owner and the ancestor of defendants receiving the stipulated interests.

The judgment appealed from must be reversed and the case remanded to the lower court for further proceedings not inconsistent with the terms of this opinion.